IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SUSAN LORENE MAGAR                                                         PLAINTIFF

v.                                      CIVIL NO. 20-cv-5182

KILOLO KIJAKAZI , Acting Commissioner                                      DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Susan Lorene Magar, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application for DIB on July 22, 2018. (Tr. 10). In her application, Plaintiff alleged disability beginning on July 10, 2018, due to a progressive autoimmune disease with the symptoms of MS, chronic fatigue syndrome, trigeminal neuralgia, severe spasms and fasciculations over her entire body, and glaucoma. (Tr. 10, 172). An administrative hearing was held on January 6, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 29–64). A vocational expert ("VE") also testified. (Id.).

On March 20, 2020, the ALJ issued an unfavorable decision. (Tr. 7–27).  The ALJ found that during the relevant time period, Plaintiff had the following medically determinable impairments: chronic fatigue, trigeminal neuralgia, an autoimmune disease that causes symptoms

1

of multiple sclerosis (MS) but without a conclusive diagnosis, and a pain disorder. (Tr. 12–16). The ALJ found Plaintiff's medically determinable impairments did not met or medically equality the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR § 404.1567(b), except she was able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; must avoid hazards including ladders, ropes, and scaffolds, moving mechanical parts, motor vehicles, unprotected heights, deep water, and open flames. (Tr. 16–20). The ALJ found Plaintiff was able to perform her past relevant work as an administration and employer relations coordinator, administrative assistant, and administrative assistant II (school secretary) either as actually or generally performed. (Tr. 20). With the assistance of the VE, the ALJ found Plaintiff could alternatively perform the representative occupation of procurement clerk. (Tr. 21). The ALJ found Plaintiff was not disabled from July 10, 2018, through the date of her decision. (Tr. 22).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 16, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff the following points on appeal: 1) Whether the ALJ erred in her analysis and credibility findings with regard to Plaintiff's subjective complaints of pain; 2) Whether the ALJ erred in finding Plaintiff was able to perform her past relevant work as an administrative and employer relations coordinator and as an administrative assistant III; 3) Whether the ALJ erred in finding Plaintiff retained the RFC to perform a limited range of light work; and 4) Whether the ALJ erred in failing to fully and fairly develop the medical record. (ECF No. 16, p. 2). Defendant argues the ALJ properly discounted Plaintiff's subjective complaints and considered the proper factors including daily activities, inconsistencies in the record, and effectiveness of treatment. (ECF No. 17, p. 2). Defendant argues the ALJ properly found Plaintiff not disabled at step four and appropriately found she could perform her past relevant work based upon the evidence of record, the Dictionary of Occupational Titles, and the testimony of a VE. (*Id*., pp. 4–5). Defendant further argued that the ALJ made her determination on a fully and fairly developed record and thus her RFC determination was supported by substantial evidence. (*Id*., pp. 5–8).

The Court has reviewed the entire transcript and the parties' briefs, and agrees with Defendant's assertion that this case was decided based upon a well-developed record and was supported by substantial evidence. In light of Plaintiff's treatment record and January 20, 2020, neuropsychological evaluation, the ALJ possessed adequate information regarding Plaintiff's condition and was not required to obtain a neurological consultation. For the reasons stated in the

ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive, and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

    IT IS SO ORDERED this 18th day of January 2022.

    /s/ *Christy Comstock*
    HON. CHRISTY COMSTOCK
    UNITED STATES MAGISTRATE JUDGE